UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

------------------------------------------------------------ X

IN RE YASMIN AND YAZ (DROSPIRENONE) MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION

3:09-md-02100-DRH-PMF

MDL No. 2100

------------------------------------------------------------

**This Document Relates to:**

*McGrath v. Bayer Healthcare Pharmaceuticals Inc. et al* No. 3:13-cv-10129-DRH-PMF

**Judge David R. Herndon**

## ORDER

**HERNDON, District Judge:**

This matter is before the Court for case management. On May 13, 2015, defendant filed a Suggestion of Death, in accord with Federal Rule of Civil Procedure 25(a), as to the above captioned plaintiff (Doc. 9). As an exhibit to the suggestion of death, defendant attached an obituary which stated that the plaintiff, age 28 at the time of her death, was "the daughter of Rita and the late James McGrath." Accordingly, it appears that the plaintiff was survived by her mother, Rita McGrath.

The Federal Rules of Civil Procedure provide that a motion for substitution of party must be made within 90 days after service of a statement noting the death on the record. *See* Fed.R.Civ.P. 25(a). If a timely motion to substitute is not filed the action must be dismissed. In the instant case, a motion to substitute has not been filed. The question before the Court is whether the 90 day clock was

triggered upon the filing of the Suggestion of Death by the defendant and whether the action must therefore be dismissed.

The Seventh Circuit addressed this issue in *Atkins v. City of Chicago*, 547 F.3d 869 (7th Cir. 2008). In *Atkins,* the Appellate Court noted that Rule 25(a)(1) requires *service* in order to trigger the 90-day clock. *Id.* at 873. Rule 25 contemplates service on parties and nonparties but does not specify which nonparties must be served. *Id.* Considering this issue, the Seventh Circuit concluded that Rule 25 requires service on litigants and "nonparties with a significant financial interest in the case, namely the decedent's successors … or personal representative." *Id*. Absent such service, the Appellate Court explained, the filing of a suggestion of death does not trigger the 90-day clock. *Id. See also Id.* ("the cases are unequivocal that an obviously interested party [such as the spouse of the decedent] must be served for the 90–day clock to start running"). Thus, generally, the party putting the "suggestion of death" on the record must serve the decedent's representative or successor in order to start the 90-day clock running. There is one notable exception to the above rule: When the suggestion of death "is filed by the opposing party, that party is not required to serve a successor or representative if he doesn't know who that is, and so the 90-day period starts to run from the filing of the suggestion." *Id.*

A review of the docket in the present action indicates that the suggestion of death was filed and served on opposing counsel via CMECF. There is no indication that the defendant attempted to effectuate personal service[1] on the decedent's representative or successor. Additionally, the Court cannot discern whether the defendant lacks knowledge regarding the identity of the decedent's representative or successor (although the attached obituary indicates that Rita McGrath might be a good place to start).

The Court therefore finds that, under *Atkins*, the defendant's May 13, 2015 Suggestion of Death is deficient for purposes of triggering the 90-day clock for substitution. Accordingly, the Court declines to *sua sponte* dismiss this case on grounds that no motion for substitution has been filed.

Defendant is advised that it may re-file a suggestion of death on the record. In order to trigger the 90-day clock, the defendant must include the proper service or an averment that the defendant does not the identity of the decedent's successor or representative.

The Court further notes that a motion to dismiss the present action for failure to comply with CMO 79 is pending. The Court defers ruling on the pending CMO 79 motion. If defendant refiles a suggestion of death as described above and a motion for substitution is not timely filed, the case will be dismissed as is required under Rule 25. If a timely motion for substitution is filed, the successor

---

[1] A Suggestion of Death must be served on nonparties as provided in Fed.R.Civ.P. 4, that is, through personal service.

or representative will be afforded an opportunity to respond to the pending CMo 79 motion to dismiss.

**IT IS SO ORDERED.**

**Signed this 12th day of January, 2016**

Digitally signed by Judge David R. Herndon
Date: 2016.01.12 16:19:51 -06'00'

**United States District Judge**